IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| THUAN PHUC PHAN, § § *Plaintiff*, § § vs. § § § BENCHMARK INSURANCE COMPANY. § § *Defendants*, | CIVIL ACTION NO: 3:25-cv-00120 |

### DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Benchmark Insurance Company ("Defendant"), the Defendant in the above entitled and numbered cause, and files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 and Local Rule LR-81. As grounds for Defendant's Notice of Removal, Defendant states as follows:

### I. BACKGROUND

1. On March 7, 2025, Plaintiff Thuan Phuc Phan ("Plaintiff") filed the present action in the District Court of Galveston County, Texas, 405th Judicial District, styled *Thuan Phuc Phan v. Benchmark Insurance Company* (the "State Court Action") against Defendant[1].

2. Defendant was served/received notice of the lawsuit on March 25, 2025[2]. Thus, the Notice of Removal of this case to the United States District Court is timely filed by Defendant, as it is filed no more than thirty (30) days after service of the Petition on Defendant, in accordance

---

[1] *See* Plaintiff's Original Petition, attached hereto as **Exhibit A.**
[2] *See* Return of Service on Benchmark Insurance Company, attached hereto as **Exhibit B**.

with 28 U.S.C. §§ 1441 and 1446.

3. Pursuant to 28 U.S.C. §§ 1446(d), promptly after filing the Notice of Removal Defendant will give written notice of the removal to Plaintiff Thuan Phuc Phan, through his attorney of record, and to the clerk of the District Court of Galveston County, Texas, 405th Judicial District.

## II.   BASIS FOR REMOVAL: DIVERSITY JURISDICTION

4. Removal of the State Court Action to the Court is proper pursuant to 28 U.S.C. § 1332 and 1441(a) and (b) because: (1) there is complete diversity between Plaintiff and Defendant, and (2) the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

**A.   Complete Diversity Exists Between Plaintiff and Defendant.**

5. Plaintiff's State Court Action may be removed to the Court as it arises under U.S.C. § 1332.

6. In his petition, Plaintiff alleges that he is a resident of Galveston County, Texas.

7. Defendant Benchmark Insurance Company is not a citizen of the State of Texas. Defendant is a foreign organization incorporated under the laws of the State of Kansas with its principal place of business in Minnesota. Pursuant to 28 U.S.C. § 1332(c)(1), Benchmark is a Citizen of the States of Kansas and Minnesota.

**B.   Complete Diversity Exists Between the Joined Parties**

8. Plaintiff Thuan Phuc Phan and Defendant Benchmark Insurance are citizens of different states. Therefore, complete diversity exists between the joined parties pursuant to 28 U.S.C. § 1332(a).

**C.   The Amount in Controversy Exceeds** $75,000.00

9. It is facially apparent from Plaintiff's Original Petition that the amount in

controversy in this case exceeds $75,000.00, rendering the request for removal proper. Generally, "the sum demanded in good faith in the *initial pleading* shall be deemed to be the amount in controversy."3 Removal is proper if it is "facially apparent" from the complaint that the claims asserted exceed the jurisdictional amount.4 In addition, penalties, exemplary damages, and attorney's fees are included as part of the amount in controversy5 it is not thus apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy.6

10.     *Here, Plaintiff alleges and seeks "monetary relief aggregating $250,000 or less."* See **Section III Claim for Relief** of Plaintiff's Original Petition, attached hereto as **Exhibit A.** Plaintiff alleges in his Original Petition that Plaintiff's damages do not exceed $250,000.00.

11.     The amount in controversy plainly exceeds $75,000.00, exclusive of interest and costs. Plaintiff's Demand Letter calculates Plaintiff's damages as $37,000.00, not including an additional demand for $1,250.00 in attorney's fees. *See* Exhibit D.. In his Original Petition, Plaintiff seeks treble damages on this amount. *See* Exhibit A, *See* **Paragraph 37**. The trebling of Plaintiff's economic damages alone totals $112,500.00. Additionally, Plaintiff alleges in his Original Petition that he is owed attorney's fees, exemplary damages and the amount of their claim, as well as eighteen (18) percent interest per annum. *See* Exhibit A, *See* **Paragraph 36**. It is apparent from Plaintiff's own pleadings, that the amount in controversy is far above the $75,000.00 jurisdictional limit of this Court.  Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(B) is satisfied.

12. Plaintiff seeks to maintain state court jurisdiction  based on a purported "binding

---

3 28 U.S.C. § 1446(c)(2); *see also Santiago v. State Farm Lloyds*, No. 7:13-CV-83, 2013 WL 1880845, at *1 (S.D. Tex. May 3, 2013).
4 *Puckitt v. Wells Fargo Bank, N.A.*, No. G-09-0056, 2010 WL 2635626, at *3 (S.D. Tex. June 28, 2010) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).
5 *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).
6 *White v. FCI USA, Inc*., 319 F.3d 672, 675 (5th Cir. 2003).

stipulation" limiting damages to $75,000. However, this stipulation, while attached to the initial complaint, was not **sworn**, **not executed by the Plaintiff**, and lacks the **procedural and substantive force** required to divest this Court of federal jurisdiction under 28 U.S.C. § 1332.

13. To defeat federal diversity jurisdiction, a stipulation limiting the amount in controversy must be unequivocally binding and executed by the plaintiff personally, often in the form of a sworn affidavit. It is elementary that the client, not the attorney, has the ultimate say as to whether an offer of settlement for less than $75,000 would be accepted. Here, the stipulation was made by counsel only and not signed or sworn to by the Plaintiff. The Stipulation purports to be made by Plaintiff and his attorneys, but it is only signed by the attorney and there is no recital that counsel discussed the Stipulation with Plaintiff or obtained his consent to make the representations made in the Stipulation.7

**D.   Venue is Proper in this Division and in this District.**

Plaintiff filed this lawsuit in Galveston County, Texas. The **Southern District of Texas** encompasses Galveston County, Texas. Thus, the Southern District embraces the place where the State Court Action is pending. *Id*. §1441(a).

**E.   Procedural Requirements for Removal**

13. The Notice of Removal is filed within thirty days of March 25, 2025, the date on which Defendant was served. Thus, the Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).

14. Copies of all processes, pleadings, and orders have been filed with the Court. *See* 28 U.S.C. § 1446(a).

15. Pursuant to Southern District of Texas Local Rule LR-81, the following documents

---

7 *Rios v. Liberty Mut. Fire Ins. Co.*, Civil Action No. DR-16-CV-0031-AM-VRG, 2017 U.S. Dist. LEXIS 155188, at *18 (W.D. Tex. 2017)

are attached to and included with this Notice of Removal:

    Exhibit A.    State Court Petition

    Exhibit B.    Notice of Service of Process on Benchmark Insurance Company

    Exhibit C.    Civil Docket

    Exhibit D.    Plaintiff's Demand Letter

    Exhibit E.    Defendant's Original Answer

    Exhibit F.    List of Parties and Counsel: and

    Exhibit G.    State Court Information Sheet    .

16. A copy of the Notice of Removal will be sent to the Galveston County District Clerk's office promptly and will be served to Plaintiff promptly. *See* 28 U.S.C. § 1446(d); *Nixon v. Wheatley*, 368 F. Supp. 2d 635, 640 (E.D. Tex. 2005).

17. The filing fee has been paid to the Clerk.

18. Defendant Benchmark Insurance Company has consented to the removal.

WHEREFORE PREMISES CONSIDERED, Defendant pray that the above-styled lawsuit now pending in the District Court of Galveston County, Texas, 405th Judicial District, be removed therefrom to this Honorable Court.

This Notice of Removal is filed subject to and without waiving any defenses or objections to Plaintiff's live petition as allowed by the Federal Rules of Civil Procedure or by any applicable state or federal law.

Respectfully submitted,

**THOMAS M. FOUNTAIN & ASSOCIATES, PLLC**

By:    /s/ *Thomas M. Fountain*
        Thomas M. Fountain

State Bar No. 07310050
Southern District Bar No. 2372
tfountain@houstontriallaw.com
Joshua Selvidge
State Bar No: 24125700
Southern District Bar No. 3770607
jselvidge@houstontriallaw.com
25025 I-45 North, Suite 550
The Woodlands, Texas 77380
281-296-6500-Telephone
281-296-6544-Facsimile

***ATTORNEYS FOR DEFENDANT***

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing has been sent via Electronic Service, Certified Mail, Return Receipt Requested, Hand Delivery, and/or Facsimile to counsel listed below on this 24th of April 2025.

***VIA E- SERVICE***
Joe Gibson SBN: 24007236
GIBSON LEGAL GROUP, PLLC
803 Sienna Palm Ln Houston, Texas 77008
Phone: (832) 878-3140
Email: joe@jgibson-law.com
**ATTORNEY FOR PLAINTIFF**

              /s/ *Thomas Fountain*
              Thomas M. Fountain