United States District Court
Southern District of Texas
**ENTERED**
January 05, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| THUAN PHUC PHAN, | § § § § | |
| Plaintiff. | | |
| V. | § § § § § § § § | CIVIL ACTION NO. 3:25-cv-00120 |
| BENCHMARK INSURANCE COMPANY, | | |
| Defendant. | | |

## MEMORANDUM AND RECOMMENDATION

Because it is readily apparent that this court lacks subject matter jurisdiction, I recommend that this case be remanded to the 405th Judicial District Court of Galveston County, Texas.

## BACKGROUND

On March 10, 2025, Plaintiff Thuan Phuc Phan filed suit in state court against Defendant Benchmark Insurance Company, asserting claims for breach of contract, violations of the Texas Insurance Code, and breach of the common-law duty of good faith and fair dealing.

In his petition, Phan alleged monetary damages "aggregating $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs." Dkt. 1-1 at 2. Phan also explained that, "in light of the possibility that this suit may be removed from state court on the basis of diversity jurisdiction, Plaintiff has filed a binding stipulation of damages for less than $75,000.00 concurrently with this pleading, attached hereto as **Exhibit A**." *Id.*

Exhibit A is a five-paragraph document titled "Binding Stipulation of Amount in Controversy." *Id.* at 9 (cleaned up). It provides:

> THUAN PHUC PHAN, Plaintiff, by and through Plaintiff's attorney of record, stipulates as follows:

1. The total sum or value in controversy in this civil action does not exceed $75,000.00, inclusive of interests, costs, all statutory and contract damages, extra-contractual damages, punitive damages, and attorney's fees.

2. Plaintiff will not seek an amount of damages that exceeds $75,000.00 from Defendant, inclusive of interests, costs, all statutory and contract damages, extra-contractual damages, punitive damages, and attorney's fees.

3. Plaintiff will not accept from Defendant an amount that exceeds a total of $75,000.00, inclusive of interests, costs, all statutory and contract damages, extra-contractual damages, punitive damages, and attorney's fees.

4. Plaintiff will not amend the petition giving rise to this litigation to seek an amount in, controversy in excess of $75,000.00, inclusive of interests, costs, all statutory and contract damages, extra-contractual damages, punitive damages, and attorney's fees. Plaintiff will not authorize anyone on Plaintiff's behalf or on behalf of Plaintiff's future heirs and/or assigns, to make such amendment.

5. Plaintiff understands and agrees that any judgment in favor of Plaintiff against Defendant can be no greater than the total amount of $75,000.00, inclusive of interests, costs, all statutory and contract damages, extra-contractual damages, punitive damages, and attorney's fees.

*Id.* The stipulation is signed by Phan's counsel. Phan did not personally sign the stipulation.

On April 24, 2025, Benchmark removed this lawsuit to federal court. *See* Dkt. 1. A defendant may remove a case from state to federal court only if the case is within the federal court's original jurisdiction. *See* 28 U.S.C. § 1441(a). Benchmark argues that removal was proper on the basis of diversity jurisdiction. For diversity jurisdiction to exist, the plaintiff and defendant must be citizens of different states, and the amount in controversy must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). Neither party disputes that there is

complete diversity.[1] The propriety of removal in this case hinges on the amount in controversy.

Benchmark argues that "the amount in controversy is far above the $75,000.00 jurisdictional limit of this Court," pointing to Phan's allegation in his petition that his damages do not exceed $250,000, as well as his claim for treble damages, attorney's fees, exemplary damages, and interest. *Id.* at 3. Phan insists that the stipulation—which states that Phan will not seek and will not accept more than $75,000 from Benchmark—deprives a federal court of jurisdiction to entertain this matter. In response, Benchmark insists that the stipulation is ineffective because it "was made by counsel only and not signed or sworn to by the Plaintiff." *Id.* at 4.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). "Federal courts, both trial and appellate, have a continuing obligation to examine the basis for their jurisdiction. The issue may be raised by parties, or by the court *sua sponte*, at any time." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

"The party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014) (quotation omitted). "Because removal raises significant federalism concerns, the removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quotation omitted); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("Any ambiguities are construed against removal.").

---

[1] At the time of removal, Phan was a Texas citizen. *See* Dkt. 1-1 at 1. Benchmark was and is a corporation incorporated under the laws of the State of Kansas with its principal place of business in Minnesota. *See* Dkt. 1 at 2.

If a defendant can demonstrate that the amount in controversy exceeds $75,000, a plaintiff can still defeat diversity jurisdiction by showing that it is a "legal certainty" that his recovery will not exceed $75,000. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938) (If a plaintiff "does not desire to try his case in federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove."). A plaintiff may establish such "legal certainty" by filing "a binding stipulation or affidavit" with his lawsuit, stating that he seeks less than the jurisdictional threshold and further stating that he will not accept an award that exceeds that amount. *De Aguilar*, 47 F.3d at 1412; *see also Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013) ("[F]ederal courts permit individual plaintiffs, who are the masters of their complaints, to avoid removal to federal court, and to obtain a remand to state court, by stipulating to amounts at issue that fall below the federal jurisdictional requirement."); *Espinola-E v. Coachoma Chem. Co.*, 248 F.3d 1138, 2001 WL 85834, at *2 (5th Cir. Jan. 19, 2001) ("[A] binding stipulation that a plaintiff will not accept damages in excess of the jurisdictional amount defeats diversity jurisdiction.").

## ANALYSIS

The stipulation attached to Phan's petition is clear and unequivocal. It provides that Phan "will not seek an amount of damages that exceeds $75,000" from Benchmark, "will not accept from [Benchmark] an amount that exceeds a total of $75,000," and "will not amend the petition giving rise to this litigation to seek an amount in . . . excess of $75,000." Dkt. 1-1 at 9. On its face, this language appears sufficient to establish to a legal certainty that the $75,000 amount-in-controversy requirement has not been met. *See Ditcharo v. United Parcel Serv., Inc.*, 376 F. App'x. 432, 437 (5th Cir. 2010) (Plaintiffs may establish legal certainty "by submitting a binding stipulation or affidavit with their complaint, stating that

they affirmatively seek less than the jurisdictional threshold, and further stating that they will not accept an award that exceeds that threshold.").

In opposing remand, Benchmark's sole argument is that the stipulation "lacks the procedural and substantive force required to divest this Court of federal jurisdiction" because it "was made by counsel only and not signed or sworn to by the Plaintiff." Dkt. 1 at 4 (emphasis omitted).

I am not the first judge to address this particular legal issue. A surprising number of jurists across this great nation have opined on whether a stipulation signed by a plaintiff's counsel, and not the plaintiff himself, is binding for purposes of determining the amount in controversy. The case law is divided.

I will start with those courts holding that the plaintiff themself must sign the stipulation to limit the amount in controversy and defeat federal jurisdiction.

In the Southern District of West Virginia, a plaintiff seeking to use an amount-in-controversy stipulation to avoid federal jurisdiction must provide a "formal, truly binding, pre-removal stipulation signed by counsel and his client explicitly limiting recovery." *McCoy v. Erie Ins. Co.*, 147 F. Supp.2d 481, 485 (S.D. W. Va. 2001). Although Southern District of West Virginia district courts have never explained the rationale behind this rule, it is routinely applied to render amount-in-controversy stipulations signed by the lawyer, and not the client, invalid. *See Raw Bar LLC v. ADT LLC*, No. 2:18-cv-0492, 2019 WL 3559414, at *1 (S.D. W. Va. Aug. 5, 2019) (a "stipulation in the complaint" is "ineffective" when it is "signed only by counsel"); *Hatcher v. Vanderbilt Mortg. & Fin.*, Inc., No. 2:10-cv-00677, 2010 WL 2330392, at *2 (S.D. W. Va. June 7, 2010) (a "stipulation is [deficient when it is] signed by Plaintiffs' counsel, but not by Plaintiffs themselves").

Following their southern neighbors' lead, the Northern District of West Virginia also requires that stipulations submitted to defeat federal jurisdiction be signed by a lawyer and their client. *See, e.g., Jersey Subs, Inc. v. Sodexo Am., LLC*, No. 1:18-cv-191, 2019 WL 208882, at *2 (N.D. W. Va. Jan. 15, 2019) (citing *McCoy*,

147 F. Supp. 2d at 485); *Kittredge v. Navy Fed. Credit Union*, No. 3:15-cv-81, 2016 WL 47877, at *2 (N.D. W. Va. Jan. 4, 2016) (same); *Asbury-Castro v. GlaxoSmithKline, Inc.*, 352 F. Supp. 2d 729, 733 (N.D. W. Va. 2005) (same). Unfortunately, the district courts in the Northern District of West Virginia also have not offered a cogent explanation for adopting such a requirement.

Moving closer to home, the district courts in Mississippi seem to face this issue frequently—at least based on the number of decisions from the Magnolia State addressing the signature requirements for an amount-in-controversy stipulation. Like their brethren in the Mountaineer State, the federal judges in Mississippi universally require a stipulation explicitly limiting recovery to be signed by both the lawyer and the client. *See, e.g.*, *Rhodes v. FDJ Trucking, LLC*, No. 4:22-cv-128, 2022 WL 17620281, at *3 (N.D. Miss. Dec. 13, 2022); *King v. Allstate Prop. & Cas. Ins. Co.*, No. 3:18-cv-672, 2021 WL 1202333, at *8 (S.D. Miss. Mar. 30, 2021); *Swanson v. Hempstead*, 267 F. Supp. 3d 736, 741 (N.D. Miss. 2017); *Brown v. Wal-Mart Store, Inc.*, No. 2:12-cv-125, 2012 WL 4027312, at *4 (S.D. Miss. Sept. 12, 2012). Thankfully, the judges in Mississippi offer some rationale for this approach. "[A] binding stipulation or affidavit must be made by the plaintiff himself as opposed to his counsel since the plaintiff could hire different counsel and later seek more than $75,000." *Holmes v. Citifinancial Mortg. Co., Inc.*, 436 F. Supp. 2d 829, 832 (N.D. Miss. 2006). Put another way, the Mississippi judges believe that "[a] stipulation signed by counsel 'does not and could not' bind a plaintiff, 'who can circumvent the [stipulation's] intended affect by finding another attorney to amend the complaint.'" *Scirocco v. Ford Motor Co.*, No. 5:13-cv-128, 2014 WL 5817543, at *2 (S.D. Miss. Nov. 10, 2014) (quoting *Boyd v. Dolgencorp, Inc.*, No. 5:12-cv-48, 2012 WL 3779952, at *3 (S.D. Miss. Aug. 31, 2012)). I will explain below why I do not find this argument convincing.

There are also a series of opinions from the Western District of Texas holding that a stipulation purporting to reduce the amount of damages sought below the jurisdictional threshold must be signed by the lawyer and his client. *See Thomson*

*v. Orr*, No. 1:18-cv-794, 2018 WL 7286486, at *3 (W.D. Tex. Nov. 8, 2018); *Rios v. Liberty Mut. Fire Ins. Co.*, No. DR-16-cv-0031, 2017 WL 3274456, at *5 (W.D. Tex. Jan. 18, 2017); *Johnson v. Carmax Auto Superstore, Inc.*, No. CIVA SA-08-CA-820, 2008 WL 5686083, at *3 (W.D. Tex. Dec. 22, 2008). In those cases, the judges expressed concern that the stipulations at issue were signed only by lawyers, with no statement or recital that counsel discussed the stipulation with their client, nor any other indication of the clients' consent. *See Thomson*, 2018 WL 7286486, at *3; *Rios*, 2017 WL 3274456, at *5. Because "the client, not the attorney, has the ultimate say as to whether an offer of settlement for less than $75,000 would be accepted," the *Thompson* and *Rios* courts concluded that the binding effect of a stipulation signed only by counsel "is open to debate and far from a legal certainty." *Rios*, 2017 WL 3274456, at *5; *see also Thomson*, 2018 WL 7286486, at *3 ("[I]t is far from legally certain that . . . an affidavit [signed only by counsel limiting the amount of damages sought] would bind" a plaintiff.).[2]

On the other end of the spectrum, the federal judges in Louisiana have summarily dismissed arguments that an attorney's signature alone is insufficient to establish to a legal certainty that the amount in controversy is limited to $75,000, finding that these arguments "elevate the stipulation's form over its substance." *Alvis v. Denka Performance Elastomer LLC*, No. CV 20-0794, 2020 WL 4199910, at *3 (E.D. La. July 21, 2020). Addressing the argument advanced by the Mississippi judges that a plaintiff, whose lawyer signs a stipulation on his

---

[2] In one case from the Southern District of Texas, a district judge refused to honor a stipulation signed by the plaintiffs' counsel because "[t]he document was not signed by Plaintiffs themselves, nor was it signed by Defendant, and thus cannot constitute a binding stipulation." *Razo v. State Farm Lloyds*, No. 7:17-cv-00352, 2017 WL 11318849, at *2 (S.D. Tex. Oct. 18, 2017). As far as my research reveals, no other court in America has followed *Razo* and required a stipulation to be executed by the plaintiff, plaintiff's counsel, and the defendant. And for good reason. It is a bedrock legal principle that the plaintiff is "the master of the complaint," and therefore "gets to determine which substantive claims to bring against which Defendant" and the amount in controversy. *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025). It simply cannot be that a stipulation limiting the amount of damages sought is ineffective so long as the defendant refuses to assent.

7

behalf, might change lawyers and seek to escape the grasp of the stipulation, the Louisiana federal courts note that "[t]he discharging of an attorney does not revoke a stipulation made while that attorney had the proper authority to bind his client. . . . It is well settled that an attorney with proper authority, acting on behalf of his client, can bind his client." *Degeyter v. Allstate Ins. Co.*, No. CIV.A. 09-1582, 2009 WL 3335959, at *2 (W.D. La. Oct. 15, 2009); *see also Lachney v. State Farm Fire & Cas. Co.*, No. CIV.A. 14-476, 2014 WL 1514172, at *3 (E.D. La. Apr. 16, 2014) (rejecting the argument "that, to be legally binding, any stipulation must be accompanied by an affidavit or some sort of statement sworn to by the individual plaintiffs" because defendant "cites no authority for its position that an attorney cannot bind her clients," and finding "that the plaintiffs are bound by the stipulation signed by their attorney"); *Bryant v. Rosser*, No. CIV.A. 13-6125, 2014 WL 379147, at *4 (E.D. La. Feb. 3, 2014) (holding that plaintiffs' stipulation that they will not execute a judgment greater than $75,000 "is signed by plaintiffs' attorney and thus is binding on plaintiffs"). As one court perfectly explained:

> The defendants suggest that the incorporated stipulation is insufficient to satisfy the plaintiffs' legal certainty obligation because plaintiffs' attorney cannot bind the plaintiffs to the stipulation. The Court disagrees: the defendants would impose a formal signature or affidavit requirement where none exists. Again, the key consideration is whether the stipulation is legally binding. . . . [S]tipulations on damages contained in state court petitions are judicial confessions under Louisiana [law], which cannot be revoked except as an error of fact. . . . An enforceable judicial confession is present here; each plaintiff is legally bound by counsel's stipulation in the state court petition.

*Alvis*, 2020 WL 4199910, at *4 (quotation omitted).

Outside of Louisiana, a few courts have accepted an amount-in-controversy stipulation executed solely by the lawyer handling the matter. *See, e.g., Adams v. Volkswagen Grp. of Am., Inc.*, No. CV 15-184, 2016 WL 6986892, at *4 n.3 (E.D. Ky. Jan. 5, 2016) ("Although Adams' complaint is not signed by Adams himself, it is signed and submitted by his attorney. The Court believes that this is sufficient to

8


create a binding stipulation."); *Brice v. Member Select Ins. Co.*, No. SA-12-CA-153, 2012 WL 13029370, at *4 (W.D. Tex. June 11, 2012) (holding that a stipulation signed by plaintiff's lawyer and not plaintiff is sufficient to prevent removal if it promises that plaintiff will not seek *or obtain* a judgment in excess of $75,000). The reasoning offered by the judges who authored these decisions is stout, and I am persuaded. Take, for example, Judge Henry J. Bemporad's explanation for allowing an amount-in-controversy stipulation to be signed solely by counsel:

> Defendant's argument that counsel's signature invalidates or diminishes the binding nature of the Stipulation is likewise without merit. Attorneys regularly sign documents on behalf of their clients. Defendant cites no case nor makes any argument to explain why an attorney's signature would not be binding here. Indeed, the original Petition, which Defendant relies upon to show the amount in controversy, is signed only by Plaintiff's attorney. Therefore, the Stipulation is valid and appropriately clarifies both the scope of Plaintiff's damages and limits award she may seek or otherwise obtain.

*Brice*, 2012 WL 13029370, at *4. The Eleventh Circuit has similarly noted that the stipulations made by an attorney on behalf of his client should be given "great deference" and "presume[d] to be true." *Federated Mut. Ins. Co. v. McKinnon Motors*, LLC, 329 F.3d 805, 808 & n.5 (11th Cir. 2003) (counsel's statement in a motion to remand sufficient to limit damages for purposes of determining the amount on controversy). This is because "lawyers are officers of this court and subject to sanctions under Federal Rule of Civil Procedure 11 for making a representation to the court for an improper purpose, such as merely to defeat diversity jurisdiction." *Id.*[3]

---

[3] Similarly, Texas Rule of Civil Procedure 13 prevents a lawyer from making representations that are untrue. *See* Tex. R. Civ. P. 13 ("The signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion, or other paper; that to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment.").

It should come as no surprise that Texas "Courts favor stipulations to expedite litigation, and as a general rule valid stipulations are binding on the parties and the Courts." *New v. First Nat. Bank of Midland*, 476 S.W.2d 121, 124 (Tex. App.—El Paso 1971, writ ref'd n.r.e.); *see also Martinez v. Bally's La., Inc.*, 244 F.3d 474, 476–77 (5th Cir. 2001) (Judicial admissions are "binding on the party making them" if they are made "intentionally as a waiver."); *Wright v. Normandy Terrace Healthcare & Rehab. Ctr.*, No. SA-12-CA-0622, 2012 WL 2979040, at *2 (W.D. Tex. July 19, 2012) ("The binding nature of Plaintiff's stipulation is derived from settled Texas law. . . . A party making a stipulation or judicial admission is barred from disputing it."); *Walker v. City of Georgetown*, 86 S.W.3d 249, 254 (Tex. App.—Austin 2002, pet. denied) (stipulations in petitions that purport to limit prospective theories of recovery are binding judicial admissions).

Here, it makes no difference that the stipulation is signed by Phan's lawyer and not Phan. In Texas, attorneys may ordinarily bind their clients to agreements by signing on the clients' behalf. *See Tex. Emp. Ins. Ass'n v. Wermske*, 349 S.W.2d 90, 93 (Tex. 1961) ("The general rule is that the relationship of attorney and client is one of agency. Under this rule, the omissions, as well as the commissions, of an attorney are to be regarded as the acts of the client whom he represents."); *Am. Home Assur. Co. v. Rodriguez,* 749 S.W.2d 897, 899 (Tex. App.—San Antonio 1988, no writ) ("The attorney-client relationship is one of principal and agent, and the acts of one ordinarily binds the other."); *United States v. State of Texas*, 523 F. Supp. 703, 711 (E.D. Tex. 1981) ("Unless all of the attorney's efforts on his client's behalf are binding in a legal sense, the entire judicial process, including the outcome of that process, is devoid of validity with respect to the parties themselves."). For example, the Texas Rules of Civil Procedure provide that lawyers' written agreements executed on behalf of their clients are enforceable without the clients affixing their signatures to such agreements. *See* Tex. R. Civ. P. 11. Similarly, a lawyer can file papers on behalf of his client—without a formal

signature from the client—jettisoning a particular cause of action or dismissing an entire lawsuit with prejudice. I see no reason to adopt a totally different rule in the context of removals. Accordingly, I will not require a client to sign an amount-in-controversy disclaimer. A stipulation signed by counsel is sufficient to establish to a legal certainty that the client cannot recover more than the federal jurisdictional threshold.

In sum, the stipulation submitted with the Original Petition creates a legal certainty that the amount in controversy does not exceed $75,000. Although signed only by counsel, the stipulation reflects that it is made by "Plaintiff, by and through Plaintiff's attorney of record." Dkt. 1-1 at 9. It is titled "Binding Stipulation of Amount in Controversy," which unmistakably establishes that it cannot be revoked. *See Christian Legal Soc. Chapter of Univ. of Cal., Hastings Coll. of Law v. Martinez*, 561 U.S. 661, 667 (2010) (describing a stipulation as "binding and conclusive" and "not subject to subsequent variation") (quotation omitted). The stipulation's wording provides that Phan will not seek, will not ask for, and will not accept an amount of damages in excess of $75,000.[4] As an added bonus, the stipulation states that Phan will not amend the lawsuit to seek more than $75,000. Because the stipulation signed by Phan's lawyer legally binds Phan to a recovery

---

[4] Approximately three and half months after this case was removed to federal court, Phan's counsel filed another stipulation. *See* Dkt. 11. The new stipulation, like the stipulation submitted with the Original Petition, is signed by Phan's counsel, but not by Phan himself. Both stipulations limit Phan's damages to below the federal jurisdictional threshold. The new stipulation is a tad longer than the original stipulation, but it is not materially different.

Generally, post-removal stipulations cannot be considered because "[t]he jurisdictional facts that support removal must be judged at the time of the removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). The only time that post-removal stipulations may be considered is when the amount in controversy was ambiguous at the time of removal, and the stipulation seeks to clarify, rather than adjust, the amount sought. *See id.* Because this test is not met, I will disregard the new stipulation and rely on the original stipulation filed at the outset of the case in state court.

below the jurisdictional threshold, this Court lacks diversity jurisdiction.[5] This case must be remanded to state court.

## CONCLUSION

As explained, Phan has submitted a stipulation that establishes to a legal certainty that he will not seek or accept damages in excess of $75,000. Because the amount in controversy does not exceed the jurisdictional amount, I recommend that this case be remanded to the 405th Judicial District Court of Galveston County, Texas.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 5th day of January 2026

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[5] Because I conclude that the original stipulation signed by Phan's counsel satisfies the legal certainty standard, it is unnecessary to determine whether, absent the stipulation, the claimed damages actually exceed the $75,000 jurisdictional threshold.